UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD M. MURRAY,

    Plaintiff,

v.                                        Case No: 2:16-cv-878-FtM-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Edward M. Murray, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.    Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on November 2, 2011, alleging a disability onset date of January 1, 2008. (Tr. 114, 126, 186). Plaintiff later amended his alleged onset date to May 3, 2011. (Tr. 203). Plaintiff's application was denied initially on March 27, 2012, and upon reconsideration on June 20, 2012. (Tr. 130, 136). Plaintiff requested a hearing and, on December 17, 2014, an administrative hearing was held before Administrative Law Judge Maria C. Northington ("the ALJ"). (Tr. 46). On April 17, 2015, the ALJ entered a decision finding that Plaintiff was not under a disability through September 30, 2013, the date the ALJ incorrectly found to be Plaintiff's date last insured. (Tr. 24, 40). The correct date last insured was December 31, 2013. (Tr. 40, 134). Plaintiff filed a request for review and, on October 14, 2016, the Appeals Council entered a decision specifically finding that Plaintiff was not disabled at any time through December 31, 2013. (Tr. 7). Plaintiff initiated this action by filing a Complaint (Doc. 1) on December 12, 2016.

**D. Summary of the ALJ's Decision and the Appeals Council's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of May 3, 2011, through his date last insured of September 30, 2013. (Tr. 29). At step two, the ALJ found that Plaintiff had the following severe

impairments: alcohol dependence, bipolar I disorder with depression, cannabis use and cocaine abuse. (Tr. 29). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 30).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform a wide range of work at all exertional levels, but with the following nonexertional limitations: the claimant has no exertional limitations that implicitly include the performance of sedentary to heavy work. He has no postural limitations except no climbing of ladders ropes or scaffolds. The claimant is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. In the course of work, the claimant is to have no exposure to extremes of hot, humidity or cold temperatures. He retains the capacity to understand, remember and carry-out simple instructions and perform simple routine repetitive tasks as consistent with unskilled work. In the course of work, he is to have no contact with the public and only occasional contact with coworkers and supervisors, occasional being defined as occasional interaction and coordination, but not necessarily proximity to the same. The claimant is to be subjected to no mandated production quota such as quickly producing X product in X amount of time, knowing well that all work requires some aspect of production output.

(Tr. 32). At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a general laborer. (Tr. 37).

Despite finding Plaintiff capable of performing his past relevant work, the ALJ proceeded to step five to make an alternative finding. Relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 38). Specifically, the ALJ found that Plaintiff was capable of performing such jobs as sandwich maker, laundry laborer, sock folder, electronic assembler, and paper inserter. (Tr. 38). The ALJ concluded

that Plaintiff had not been under a disability from May 3, 2011, the alleged onset date, through September 30, 2011, the incorrect date last insured. (Tr. 39).

The Appeals Council issued its own written decision setting forth seven findings. These findings are equivalent to the ALJ's findings except the Appeals Council noted that Plaintiff met the special earning requirements of the Act through December 31, 2013, and that Plaintiff was not disabled at any time through that date. (Tr. 6-7).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ committed reversible error by incorrectly determining Plaintiff's date last insured; (2) whether the ALJ erred by relying on unreliable VE testimony; and (3) whether the ALJ erred by failing to properly evaluate Plaintiff's alcohol and substance abuse.

As an initial matter, the Court notes that Plaintiff's memorandum fails to identify the final decision of the Commissioner. The exclusive jurisdictional basis for judicial review of claims arising under the Social Security Act is pursuant to 42 U.S.C. § 405(g). It is well settled that 42 U.S.C. § 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Social Security Act does not define "final decision" and instead leaves it to the SSA to give meaning to that term through regulations. The applicable regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Appeals Council issues is the Commissioner's final decision. *Sims v. Apfel*, 530 U.S. 103, 106–07, 120 S. Ct. 2080, 2083, 147 L. Ed. 2d 80 (2000); 20 C.F.R. § 404.984.

In this case, contrary to Plaintiff's summary of this case's procedural history, the Appeals Council granted review and entered a decision on October 14, 2016. (Tr. 4-7). Thus, the final

decision of the Commissioner is the Appeals Council's decision, not the ALJ's decision. The Appeals Council's decision provides that the "Appeals Council adopts the Administrative Law Judge's findings or conclusions regarding whether the claimant is disabled." (Tr. 4). For this reason, to the extent possible, the Court will address Plaintiff's arguments as if they were directed towards the Appeals Council's decision.

> **a. Whether the ALJ committed reversible error by incorrectly determining Plaintiff's date last insured.**

Plaintiff argues that the ALJ incorrectly determined that Plaintiff's date last insured was September 30, 2013, when it was in fact December 31, 2013. (Doc. 24 p. 20). Thus, according to Plaintiff, the ALJ's error resulted in an unadjudicated period of three months and remand is warranted for a proper consideration of whether Plaintiff was disabled through his actual date last insured of December 31, 2013. (Doc. 24 p. 20).

Here, Plaintiff's failure to realize that the Appeals Council entered a decision is fatal to his argument. The Appeals Council decision specifically addresses the ALJ's error concerning Plaintiff's date last insured:

> The Appeals Council adopts the Administrative Law Judge's findings or conclusions regarding whether the claimant is disabled. The hearing decision determined that the claimant is not disabled under section 216(i) and 223(d) of the Social Security Act through September 30, 2013, the date last insured. However, updated queries indicate the date last insured is actually December 31, 2013. Therefore, there was an unadjudicated period from September 30, 2013 through December 31, 2013. **The Appeals Council adopts the findings of the decision and applies these findings through December 31, 2013.**

(Tr. 4). Thus, contrary to his argument, Plaintiff's application was adjudicated through the correct date last insured of December 31, 2013. For this reason, the Court rejects Plaintiff's argument.

### b. Whether the ALJ erred by relying on unreliable VE testimony.

Plaintiff argues that the ALJ's decision was unsupported by substantial evidence because the ALJ reached her step five finding based on unreliable vocational expert testimony. (Doc. 24 p. 14). Plaintiff contends that the vocational expert's reliance on job numbers based on U.S. Publishing was improper because U.S. Publishing does not break down the job numbers by anything other than strength level and SVP levels. (Doc. 24 p. 19). In response, Defendant argues that substantial evidence supported the ALJ's step five finding and reliance on the vocational expert's testimony. (Doc. 15-19).

Here, the Court finds no basis to remand this case based on the ALJ's reliance on the vocational expert's testimony. The ALJ's step five finding was an alternative finding, the ALJ having already found at step four that Plaintiff was capable of returning to his past relevant work as a general laborer. "To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination." *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015). Even if the ALJ erred at step five, any error would be harmless because her step four finding still directs a finding of not disabled. Plaintiff makes no argument that the ALJ erred by finding Plaintiff capable of returning to his past relevant work. Accordingly, the Court will not remand this case for alleged step five errors.

### c. Whether the ALJ erred by failing to properly evaluate Plaintiff's alcohol and substance abuse.

Plaintiff argues that the ALJ erred by failing to properly apply the drug and alcohol abuse analysis. (Doc. 24 p. 9-14). Specifically, Plaintiff contends that the ALJ failed to determine whether Plaintiff's alcohol and substance abuse were contributing factors material to the determination of disability, i.e., whether Plaintiff would still be found disabled if he stopped his alcohol and drug abuse. (Doc. 24 p. 10). Further, Plaintiff argues that the ALJ improperly

discounted the severity of Plaintiff's impairments such as hand and foot paresthesia and chronic obstructive pulmonary disorder "merely because she believed them to be due to the Plaintiff's alcohol use." (Doc. 24 p. 11).

In response, Defendant argues that the drug and alcohol analysis only applies after an ALJ finds a claimant disabled, which did not occur in this case. (Doc. 26 p. 11). Defendant argues that the ALJ properly considered Plaintiff's alcohol and substance abuse as evidence undermining Plaintiff's credibility.

Pursuant to the drug and alcohol abuse analysis, an individual is not considered "disabled" for purposes of social security disability insurance or supplemental security income if alcoholism or drug addiction is "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); 42 U.S.C. § 1382c(a)(3)(J). Therefore, when the ALJ finds that a claimant is disabled and there is medical evidence of drug addiction or alcoholism, the ALJ must determine whether the drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. §§ 416.935(a); 404.1535(a). The key factor in determining whether alcoholism is a contributing factor material to the determination of a disability (the "materiality determination") is whether the claimant would still be found disabled if he stopped using drugs or alcohol. 20 C.F.R. §§ 416.935(b)(1); 404.1535(b)(1). The ALJ makes this determination by first evaluating which of the claimant's physical and mental limitations would remain if the claimant stopped using drugs or alcohol. 20 C.F.R. §§ 416.935(b); 404.1535(b). The ALJ then must determine whether any or all of the remaining limitations would be disabling; if the remaining limitations are not disabling, then the ALJ must find that the claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. §§ 416.935(b); 404.1535(b). However, if the ALJ determines that the

remaining limitations would be disabling, the ALJ must conclude that the claimant is "disabled independent of [his] ... alcoholism and ... [his] ... alcoholism is not a contributing factor material to the determination of disability." 20 C.F.R. §§ 416.935(b); 404.1535(b). The burden of establishing that alcoholism is not material is on the claimant. *Doughty v. Apfel*, 245 F.3d 1274, 1279 (11th Cir.2001) (citing 20 C.F.R. § 404.1535).

In this case, the Court finds that the ALJ did not err by failing to properly apply the drug and alcohol abuse analysis. The drug and alcohol abuse analysis applies only after an ALJ finds a claimant disabled. 20 C.F.R. § 404.1535(a). Here, the ALJ found that even despite the severe impairments of alcohol dependence, cannabis use, and cocaine abuse, Plaintiff was not disabled, retaining the RFC to perform a wide range of work at all exertional levels with some nonexertional limitations. As the ALJ did not find Plaintiff disabled, she was not required to determine whether Plaintiff would still be disabled if he stopped using alcohol and drugs pursuant to the drug and alcohol abuse analysis.

The Court rejects Plaintiff's argument that the ALJ implied Plaintiff had disabling limitations by stating "[t]he claimant's main problem is his chronic daily alcohol abuse and his episodic cannabis/cocaine abuses. If he would stop drinking, smoking and abusing polysubstance, he would be vocationally productive." (Doc. 24 p. 13 citing Tr. 35). The ALJ's statement does not imply that Plaintiff is disabled and would be able to work if he stopped abusing alcohol and drugs. Rather, the statement means that Plaintiff's main problem and the reason he does not work is because he chooses substance abuse.

Further, the Court rejects Plaintiff's argument that the ALJ erred by discounting Plaintiff's impairments on the basis that she believed them to be due to Plaintiff's alcohol and drug abuse. The ALJ did not discount the severity of Plaintiff's paresthesia and COPD on the basis of

Plaintiff's alcohol and drug abuse, but because "there are no significant objective medical findings in the record, which exist in order for these impairments to be considered severe within the meaning of the regulations." (Tr. 30). The ALJ noted that Plaintiff had been experiencing tingling and paresthesia in his hands and feet for 30 years and he was able to work with the condition and to ride a bicycle. (Tr. 30). The ALJ stated in the decision that "[t]he record notes that the only way to prevent COPD progression is to stop smoking, however the claimant continues to smoke." (Tr. 30). This statement accurately reflects the medical record. (Tr. 723). The Court finds no error in the ALJ's treatment of Plaintiff's alleged COPD and paresthesia.

### III.  Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2018.

*/s/ Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties